IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| AEGIS SECURITY INSURANCE, COMPANY, ) ) ) *Plaintiff,* ) ) v. ) ) MW INDUSTRIAL SERVICES, INC., ) ) *Defendant.* ) | Case No. 1:23-cv-374-C |

## ANSWER

Defendant MW Industrial Services, Inc. (MWIS) answers Plaintiff Aegis Security Insurance Company's Complaint and asserts the following affirmative defenses as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Admitted.

2. MWIS admits that it is an Alabama corporation, but denies that its principal place of business is in Shelby County, Alabama. MWIS's headquarters and principal place of business is in Mobile, Alabama. Venue in this district, and not the Northern District of Alabama is therefore proper based on the allegations in the Complaint.

3. MWIS admits that jurisdiction is proper in the Southern District of Alabama, but denies that venue is proper in the Northern District of Alabama or that MWIS is a resident of the Northern District of Alabama.

## FACTS

4. Admitted.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. The Agreements speak for themselves. All other factual allegations are denied. MWIS also specifically states that there was either no consideration supporting any promise of indemnity from MWIS or that there was a failure of consideration.

8. MWIS is without information to confirm or deny the allegations in this paragraph and therefore denies them.

9. MWIS is without information to confirm or deny the allegations in this paragraph and therefore denies them.

10. MWIS is without information to confirm or deny the allegations in this paragraph and therefore denies them.

11. MWIS is without information to confirm or deny the allegations in this paragraph and therefore denies them.

12. The Agreements speak for themselves. All other factual allegations are denied.

13. The Agreements speak for themselves. All other factual allegations are denied.

14. The document speaks for itself. All other allegations are denied.

15. Denied.

16. MWIS admits that it has not paid any demand from Aegis, but denies all other allegations in this paragraph.

17. This paragraph does not contain any factual allegations against MWIS, so no response is required. To the extent a response is required, MWIS denies that Aegis is entitled to any relief whatsoever from MWIS.

## Count I – Exoneration and Specific Performance

18. MWIS incorporates the above responses as if set forth herein.

19. Denied.

20. All factual allegations in this paragraph and all subparts are denied. In addition, MWIS denies that Aegis is entitled to any relief whatsoever from MWIS.

21. MWIS denies that Aegis is entitled to any relief whatsoever from MWIS.

## Count II - Indemnity

22. MWIS incorporates the above responses as if set forth herein.

23. Denied.

MWIS denies that Aegis is entitled to any relief whatsoever from MWIS.

**UNLESS EXPRESSLY ADMITTED IN ONE OF THE FOREGOING PARAGRAPHS, ALL MATERIAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT, INCLUDING ANY CONTAINED IN UNNUMBERED PARAGRAPHS, ARE DENIED.**

## DEFENSES

Because discovery has not yet commenced, MWIS is not yet aware of all of the facts and circumstances giving rise to the claims set forth in the Complaint. As a result, the following defenses are raised so as not to be waived as a matter of law. These defenses will be relied upon to the extent that, during discovery, the facts show that they apply. MWIS reserves the right to assert additional affirmative defenses.

1. MWIS asserts that the Agreements in question fail for a lack of consideration.

2. MWIS asserts that the Agreements in question are unenforceable due to a failure of consideration insofar as MWIS never received any consideration in exchange for any alleged promises in the indemnity agreements made the basis of Aegis's suit.

3. MWIS asserts that the Agreements in question are unenforceable because MWIS was induced to enter them by fraud, misrepresentations, and willful concealment or misrepresentations by Aegis or third parties, including third parties authorized by Aegis to sell its bonds.

4. Aegis is not entitled to equitable relief due to the doctrine of unclean hands or in pari delicto.

5. Aegis failed to mitigate its damages, if any, including (but not limited to) by failing to timely pay subcontractors or not informing MWIS of issues arising from Cueto's work.

6. Aegis's claims are barred in whole or in part by accord and satisfaction or waiver.

7. MWIS is entitled to a set-off for any payments made to Aegis by third persons, firms, trusts, governments, or corporations, in settlement of any of Aegis's claims or alleged damages, including any payments for requests for equitable adjustment made on the projects in question.

8. Aegis's claims are barred by the statute of frauds.

9. Aegis's claims are barred in whole or in part by the doctrine of latches, and its delay has prejudiced MWIS.

10. Aegis's claims are barred in whole or in part by the statute of limitations, statutes of repose, rules of repose, or estoppel.

11. Aegis's Complaint fails to state a claim upon which relief can be granted.

12. Some or all of the damages sought in Aegis's Complaint constitute impermissible double recovery for the alleged wrongs and breaches.

13. Aegis has failed to join an indispensable party.

14. The Agreements in question are unconscionable.

15. MWIS asserts the affirmative defense of Payment.

Respectfully submitted this 2nd day of October, 2023

*/s/ Robert V. Baxley*
Counsel for MW Industrial Services

OF COUNSEL:

Robert V. Baxley
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
Telephone:  (205) 226-8743
Facsimile:  (205) 488-5721
Email:      rbaxley@balch.com

## CERTIFICATE OF SERVICE

      I certify that on October 2, 2023, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all Counsel of record, including:

Mr. G. Matthew Keenan
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209

                                                */s/ Robert V. Baxley*
                                                OF COUNSEL