IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AEGIS SECURITY INSURANCE COMPANY,** | ) ) ) |
| Plaintiff/ Counterclaim Defendant, | ) ) ) ) |
| v. | ) ) CIVIL ACT. NO.  1:23-cv-374-TFM-C |
| **MW INDUSTRIAL SERVICES, INC.,** | ) ) ) |
| Defendant/ Counterclaim Plaintiff/ Third-Party Plaintiff, | ) ) ) ) |
| v. | ) ) |
| **MAHORSKY GROUP, INC.,** *et al.*, | ) ) |
| Third-Party Defendants. | ) |

**ORDER**

Pending before the Court are the following motions: (1) *Motion for Leave to File Crossclaim Out of Time* (Doc. 119, filed March 18, 2025) and (2) *Motion to Stay Hearing of Plaintiff's Motion for Preliminary Injunction* (Doc. 162, filed June 25, 2025).  The Court will address the motions in turn but, first, must address an administrative matter.

Due to the Court's congested criminal trial docket, and in close consultation with the parties, the Court was unable to hear oral argument for the *Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral by MWIS* (Doc. 124, filed March 28, 2025), as well as the other outstanding motions, until Thursday, June 26, 2025.  Consequently, to allow time for the Court to issue rulings on those outstanding motions that are now ripe, the remaining deadlines in the Superseding Rule 16(b) Scheduling Order (Doc. 106),

as amended (Doc. 122), are **SUSPENDED**. The trial of this matter is generally **RESET**, and this matter is **REFERRED to the assigned Magistrate Judge** to modify the scheduling order as needed and in accordance with this Order.

As to the motions that are before the Court, in Plaintiff/Counterclaim Defendant Aegis Security Insurance Company's ("Aegis") motion for leave to file out of time (Doc. 119), it motions the Court, pursuant to Fed. R. Civ. P. 15, grant it leave to file out of time a conditional crossclaim against Third-Party Defendant The Mahorsky Group, Inc. ("MGI"), pending the Court ruling on certain motions: Third-Party Defendants Scott Mahorsky, The Mahorsky Group, Inc., Jesse Bingaman, and Brick Procurement, Inc.'s ("the Mahorsky Defendants"), motion for summary judgment (Doc. 102) and Aegis' motion to dismiss counterclaim (Doc. 91). Aegis' proposed conditional crossclaim brings claims against MGI for (1) breach of surety agent agreement, (2) negligent and wanton misconduct, and (3) fraud and misrepresentation. Doc. 119-1. Aegis states the motion for leave to file out of time is unopposed by Defendant/Counterclaim Plaintiff/Third-Party Plaintiff MW Industrial Services, Inc. ("MWIS") but is opposed by MGI. Doc. 119 at 3. The Court entered a show cause order for any party who opposed the motion for leave to file out of time to file an opposition by March 25, 2025 (Doc. 120), and the Mahorsky Defendants timely filed their opposition (Doc. 123).

The Mahorsky Defendants argue, while Aegis' motion for leave to file out of time is brought pursuant to Fed. R. Civ. P. 15, it must first meet Fed. R. Civ. P. 16(b)'s good cause standard since the Court's scheduling order would be affected. *Id.* The Mahorsky Defendants argue Aegis cannot meet the good cause standard because Aegis has not addressed the diligence they employed to pursue their conditional counterclaims nor the prejudice to MGI. *Id.* Further, even if the Court finds Aegis has met the good cause standard, the Mahorsky Defendants argue

the motion for leave to file out of time should be denied for undue delay and prejudice to MGI pursuant to Fed. R. Civ. P. 15(a)(2). *Id.* Specifically, the Mahorsky Defendants argue Aegis knew, or should have known, the facts and theories that are raised in their proposed conditional crossclaims when MWIS filed its counterclaims on August 30, 2024, and the proposed conditional crossclaims will require them to expend significant additional resources to conduct discovery and prepare for trial. *Id.*

Once the Court has entered a pretrial scheduling order, pursuant to Fed. R. Civ. P. 16, and set a deadline by which the parties may amend their pleadings, Fed. R. Civ. P. 16's good cause standard must be met by the party that intends to amend their pleading after the deadline has passed before the standards of Fed. R. Civ. P. 15(a) are applied to the party's request. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[W]hen a party seeks to extend an expired deadline, the court may do so for good cause if that party failed to act because of excusable neglect." *Burgen v. Pine Enters. LLC*, 2023 U.S. App. LEXIS 26471, at *3, 2023 WL 6486476, at * 1 (11th Cir. Oct. 5, 2023)[1] (citing FED. R. CIV. P. 6(b)(1)(B)). "To establish good cause, a party must show that it could not meet the applicable deadlines despite due diligence." *Id.* (citing *Sosa*, 133 F.3d at 1418).

If the party that requests to file an amended pleading past the prescribed deadline has met the good cause standard of Fed. R. Civ. P. 16, then "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). "Although leave to

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (quoting *Maynard v. Bd. of Regs. Of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342, F.3d 1281, 1287 (11th Cir. 2003)).

Here, Aegis' motion for leave to file out of time was filed almost seven (7) months after MWIS filed its counterclaims on which Aegis' proposed conditional crossclaims are premised. *Compare* Doc. 78 *with* Doc. 119. The deadline for the parties to amend their pleadings was October 9, 2024. Doc. 77. However, the request to assert the crossclaims is conditioned on the outcome of certain dispositive motions that are pending before the Court, and Aegis' position in its pending motion to dismiss counterclaims and motion for preliminary injunction aligns with the Mahorsky Defendants' interests as to the fraud-related claims. Given Aegis' request is conditioned on whether the fraud-related claims are dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), the Court finds good cause to allow it to file its proposed conditional crossclaims out of time and did not unduly delay its request to file them. Further, since the trial of this matter has generally been reset, with a final date to be set by the assigned Magistrate Judge after consulting with the parties, the Court finds the Mahorsky Defendants will not be prejudiced by the newly asserted crossclaims.

Accordingly, the Motion for Leave to File Crossclaim Out of Time (Doc. 119) is **GRANTED**, and Aegis is **ORDERED** to separately file by **July 7, 2025**, its conditional crossclaim against MGI (Doc. 119-1). An answer or other responsive pleading to the pleading is **DUE** in accordance with Fed. R. Civ. P. 15(a)(3).

In the Mahorsky Defendants' motion to stay hearing (Doc. 162), they motion the Court stay the hearing that is set for Plaintiff's Motion for Preliminary Injunction and for Specific

Performance of Agreements of Indemnity for Deposit of Collateral by MWIS (Doc. 124). In support of the motion, the Mahorsky Defendants note, at the scheduled hearing, the Court intends to hear argument for several motions: (1) Plaintiff Aegis[ Security Insurance Company]'s [("Aegis")] Motion to Dismiss Counterclaim of MWIS, or Alternatively for Judgment on the Pleadings and Incorporated Memorandum of Law (Doc. 91); (2) Aegis' Motion for Leave to File Crossclaim Out of Time (Doc. 119); and (3) Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral by MWIS (Doc. 124). The Mahorsky Defendants argue MWIS intends to introduce at the hearing substantial evidence that will, in effect, argue against the Mahorsky Defendants' previously denied motion for summary judgment. Doc. 162 at 2. The Mahorsky Defendants argue to allow MWIS to make such arguments would disadvantage the Mahorsky Defendants because it would not be able to defend their position. *Id.*

The Court notes the pending motions that are to be argued at the hearing apply different standards from the Fed. R. Civ. P. 56 motion that the Mahorsky Defendants filed (and was denied until discovery is completed), and therefore, the rulings on those motions would not apply to any subsequently filed Fed. R. Civ. P. 56 motion. Further, if it is now the Mahorsky Defendants' position that their interest is not adequately protected, they could have filed a brief to do so. The Mahorsky Defendants filed a Motion and Joinder of Argument[2] on the same date as their instant motion in which they state they join Aegis' motion to dismiss and provide brief argument in support of the motion, but there was ample time for them to file more robust briefing prior to when they filed their motion to stay. Doc. 157. Of the motions that are set to be argued at the June 26,

---

[2] The Motion and Joinder of Argument does not request anything of the Court but is styled as a notice that they join Aegis' motion to dismiss. Doc. 157. Therefore, the Court will treat the Motion and Joinder of Argument as a notice, rather than a motion that requires a ruling from the Court.

2025 hearing, briefing for the most recently filed motion was due by April 25, 2025, approximately two months before the Court could hear oral argument for the motions and approximately two months, less one day, before the Mahorsky Defendants filed their instant motion to stay.

Regardless, at oral argument, the Court granted the Mahorsky Defendants an opportunity to file a supplemental brief. Accordingly, the motion to stay hearing (Doc. 162) is **DENIED**. The Mahorsky Defendants are **GRANTED** leave to file by **July 3, 2025**, their supplemental brief, and any responses to the supplemental brief are due by **July 11, 2025**.

**DONE** and **ORDERED** this 30th day of June 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE