# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | |
|---|---|
| **AEGIS SECURITY INSURANCE COMPANY, a Corporation,**<br><br>     **Plaintiff/<br>     Counterclaim Defendant,**<br><br>**v.**<br><br>**MW INDUSTRIAL SERVICES, INC., a Corporation,**<br><br>     **Defendant/Counterclaim<br>     Plaintiff/Third-Party Plaintiff,**<br>**v.**<br><br>**MAHORSKY GROUP, INC., et al.**<br><br>     **Third-Party Defendants.** | **Case No. 1:23-cv-00374-TMF-C** |

## AEGIS'S MOTION TO RECONSIDER, OR ALTERNATIVELY, RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiff **Aegis Security Insurance Company** (**Aegis**), pursuant to Rules 54, 59 and 65 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court to reconsider the portion of the Court's March 31, 2026 Order (Doc. 239) denying the preliminary injunctive relief requested in Aegis's Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral (Doc. 124).  Specifically, Aegis moves the Court to

1

reconsider only the limited portion of its Order finding failure of consideration for the Granger Lake project bond indemnity agreement and declining to require MWIS to deposit collateral security for claims against the Granger Lake project bonds in light of Aegis's summary judgment briefs and supporting evidence. Alternatively, Aegis renews its Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral as to claims against the Granger Lake project bond based upon Aegis's summary judgment briefs and supporting evidence which are now part of the Court record as set forth herein, on the following grounds:

1.      On March 31, 2026 this Court entered an Order granting in part and denying in part Aegis's Motion for Preliminary Injunction (Doc. 239). Specifically, *inter alia*, the Order denies injunctive relief as to the Granger Lake project bond indemnity agreement and declines to order MWIS to deposit collateral security to cover claims against the Granger Lake project bond. The Order finds that, "the Granger Lake Project bond was issued before the corresponding indemnity agreement was executed" and that therefore "the Granger Lake Project indemnity agreement fails for lack of consideration." [1] The Order also relies on a portion of the

---

[1] Findings made at the preliminary injunction phase of the proceedings are not conclusive at the summary judgment stage. *Univ. of Texas v. Camenisch* , 451 U.S. 390, 396, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *Allfrey v. Fairhope Motorcoach Resort Condo. Owners Ass'n, Inc.*, 2025 U.S. Dist. LEXIS 67204, 2025 WL 1043209 (S.D. Ala. Apr. 8, 2025).

deposition transcript of Aegis's corporate representative Russell Fuller for the proposition that the bonds could not be rescinded once they were issued. *Id*. at 19-20. However, the question of when the bonds were issued, released and in full force and effect is not specifically addressed in the Order and it is unclear how this determination was made.

2.    Aegis's Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral was filed on March 28, 2025 (Doc. 124), before the record in this case was supplemented and fully developed by Aegis's Motion for Summary Judgment and supporting briefs and evidentiary materials (Docs. 202, 203, 203-1 – 203-18, and 204), its Response to MWIS's Motion for Summary Judgment (Docs. 222, 222-1, 223 and 225, 225-1 – 225-3), Aegis's Reply brief (Doc. 232) and supporting exhibits. [2] All of these motions and evidentiary materials are attached hereto and incorporated by reference herein as **Group Exhibit A**.

3.    Aegis's Motion for Summary Judgment, Response, Reply, supporting briefs and evidentiary support, which are now part of the fully developed record, vigorously dispute that the Granger Lake Project bonds were in full force and effect

---

[2] Additionally, on March 30, 2026 Aegis filed a Motion for Leave to File a Sur-Reply (Doc. 238) in support of its Motion for Summary Judgment (Doc. 202) and its Response to MWIS's Motion for Summary Judgment (Doc. 223). MWIS filed its Response in Opposition on April 6, 2026. (Doc. 248). If Aegis's Motion for Leave is granted, Aegis requests that the Court also consider the legal authority and arguments contained in its Sur-Reply (Doc. 238-1).

on the backdated "effective date" of October 7, 2019. Aegis's briefs explain in great detail that the Granger Lake project bonds were not "issued and released" to Cueto for delivery to the United States Army Corps of Engineers until October 29, 2019, and so were not in full force and effect until *after* the corresponding indemnity agreement was executed by MWIS on October 28, 2019 and sent to the Mahorsky Group. *See* (Doc. 223, pgs.9-11), Chronology, Mahorsky Depo., pgs. 48-49 and Jesse Bingaman Declaration (Docs. 225, 225-1--3), and (Doc. 238).

4.    Aegis's Motion for Summary Judgment, Response, and Reply briefs and evidentiary support further explain and establish the critical distinction between "execution" of the Granger Lake Project bonds and the subsequent and separate issuance, release and delivery of the bonds to Cueto and the federal contract officer. *Id.* Aegis's briefs and evidence confirm that the undisputed facts show that the Granger Bond was not approved by Aegis until October 25, 2019 and then released to Cueto on October 29, 2019 for delivery to the Corps, with the backdated effective date of October 7, 2019 corresponding with the effective date of the Granger Lake Agreement of Indemnity. Thus, the Granger Lake Project bond had no legal effect and were no in full force and effect until they were issued and released to Cueto to furnish to the government, which was *after* the Granger Lake Agreement

of Indemnity was executed. *Id. See also,* 48 CFR § 28.102-1(c), 40 U.S.C. §§ 3131(b) and Stearns, *The Law of Suretyship*, § 2.2 at 9 (5th Ed., 1951).[3]

5.    As the Order recognizes, Aegis will suffer irreparable harm if MWIS fails to deposit the collateral security to cover the claims against the Granger Lake project bonds and injunctive relief by the Court would prevent further prejudice to Aegis's rights and remedies. (Doc. 239, pg. 29). It would be fundamentally unfair to Aegis and inconsistent with the contractual obligations assumed by MWIS if the Granger Lake project bond indemnity agreement is indefinitely suspended pending resolution of this action, especially considering that "the majority of Aegis' requested collateral security deposit consisted of claims against the Granger Lake project bond." (Doc. 239). *See SureTec Ins. v.Eternity LLC,* 2018 WL 6001103, at *5 (N.D. Ala. Nov. 15, 2018); *Philadelphia Indem. Ins. Co. v. Therma Seal Roof Sys., LLC*, 2022 U.S. Dist. LEXIS 95297, *11-14, 2022 WL 1664183, *4-5 (S.D. Fla. Mar. 9, 2022); and *Guarantee Co. of N. Am. USA v. MIK, LLC*, 2018 WL 4208241, at *3 (S.D. Fla. June 26, 2018).

6.    Aegis's Motion for Summary Judgment, Aegis's Response to MWIS's Motion for Summary Judgment, and Aegis's Reply brief each adopt and incorporate Aegis's Motion for Preliminary Injunction and seek the relief sought in that motion, including the Court's enforcement of the Granger Lake project bond indemnity

---

[3] *See also,* Aegis's Motion for Leave to File Sur-Reply (Doc. 238) and Sur-Reply (Doc. 238-1).

agreement and an order requiring MWIS to deposit collateral security to cover the claims against the Granger Lake project bond.

7.    Finally, even if the Court finds that the Granger Lake project bond indemnity agreement was executed after the issuance and release of the bonds (which it was not), the Order found that MWIS did not prove fraud. (Doc. 239, pg. 16). Because there was no fraud by the Mahorsky Parties, then the indemnity agreements and their terms, as well as the Resolutions, are valid and enforceable. These unambiguous provisions include a recitation and acknowledgement by MWIS of valid consideration for the indemnity agreement  (Doc. 239, pg. 16-17), an acknowledgement by MWIS as to the issuance of bonds in exchange for MWIS's promise of indemnity, *Id.*, an acknowledgement by MWIS that Aegis offered future bonds in consideration for MWIS's promise of indemnity, *Id.*, and an acknowledgement by MWIS of the validity of the indemnity agreement regardless of when the bonds were executed and an application of the indemnity agreement to bonds executed prior to the agreement. (Doc. 239, pg. 17-18).  "When a contract, by its terms, is plain and free from ambiguity, it must be enforced as written." *American Standard, Inc. v. Goodman Equipment Co*., 578 So.2d 1083, 1085 (Ala.1991); *Max Oil Co., Inc. v. Shell Oil Co*., 945 F. Supp. 241, 246 (M.D. Ala. 1996).  Because the Court found no fraud occurred, the indemnity agreement for the Granger Lake project bond is valid and must be upheld and enforced. Consequently, Aegis has

established a substantial likelihood of success on the merits of its Motion for Preliminary Injunction.

8.    Aegis therefore respectfully moves the Court to reconsider the findings in the limited portion of its Order concerning the issuance of the Granger Lake project bond and the failure of consideration for the Granger Lake project bond indemnity agreement in light of the legal authority and evidence submitted by Aegis in support of its Motion for Summary Judgment, its Reply brief and its Response to MWIS's Motion for Summary Judgment which are now a part of the Court's record, and to grant the relief sought in Aegis's Motion for Preliminary Injunction as to the claims against the Granger Lake project bond.

WHEREFORE, PREMESIS CONSIDERED, Aegis respectfully requests the Court to reconsider the findings in the Court's March 31, 2026 Order as to the issuance of the Granger Lake project bond and the validity of consideration for the Granger Lake project bond indemnity agreement, and to correct the Order to require MWIS to deposit collateral security to cover claims against the Granger Lake project bond. Alternatively, Aegis respectfully renews its Motion for Preliminary Injunction and for Specific Performance of Agreements of Indemnity for Deposit of Collateral in light of the evidence and arguments in support of Aegis's Motion for Summary Judgment, Reply, Response to MWIS's Motion for Summary Judgment and Aegis's briefs and evidentiary submissions in support which are now contained in the record.

7

Respectfully submitted,

/s/ L. Graves Stiff, III
L. Graves Stiff, III (ASB-0693-S70L)
Weathers Bolt (ASB-9445-T95A)
Elise May Frohsin (ASB-8084-I44E)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
T (205) 868-6000 | F (205) 868-6099
gstiff@starneslaw.com
wbolt@starneslaw.com
efrohsin@starneslaw.com
*Counsel for Aegis Security Insurance Company*

8

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April 2026, I e-filed the foregoing with the Clerk of Court through CM/ECF which notifies the following counsel of same:

Robert Vance Baxley, Esq.
Charles Alan Burkhart, Esq.
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, Alabama 35203
(205) 226-8743
rbaxley@balch.com
cburkhart@balch.com
*Counsel for Defendant,*
*MW Industrial Services, Inc.*

Royal C. Dumas, Esq.
RUSHTON, STAKELY, JOHNSTON
& GARRETT, PA
184 Commerce Street
Montgomery, Alabama 36104
rcd@rushtonstakely.com
*Counsel for Third-Party Defendants, The*
*Mahorsky Group, Inc., Brick Procurement,*
*Inc., Jesse Bingaman, and Scott Mahorsky*

*/s/ L. Graves Stiff, III*
OF COUNSEL

9